USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/16/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Matthew Cooper,

                Plaintiff,

-against-

Metropolitan Transportation Authority, et al.

                Defendants.

No. 04 Civ. 525 (LTS)(AJP)

### MEMORANDUM ORDER

       On June 10, 2005, this Court held a pretrial conference in which the Court ruled on Defendants' motion to dismiss the Complaint. Included herein is a summary of the Court's rulings on the motion as well as the ruling on the motion to dismiss Count Five, on which the Court reserved decision at the conference.

       For the following reasons and for the reasons stated on the record at the conference:

       The motion to dismiss Count One, pursuant to Federal Rule of Civil Procedure 12(b)(6), is denied.

       Insofar as Counts Two, Three, and Seven are premised on Plaintiff's alleged rights as a management employee, the motion to dismiss those counts, pursuant to Rule 12(b)(6), is denied. To the extent Counts Two, Three, Six, and Seven are based on Plaintiff's assertion that he was covered by the relevant Collective Bargaining Agreement, those counts are dismissed pursuant to Rule 12(b)(1) because in light of the provisions of the Railway Labor Act, this Court lacks subject matter jurisdiction over claims that are inextricably intertwined with an interpretation of the Collective Bargaining Agreement. Plaintiff's request to replead these claims in this forum is denied.

       The motion to dismiss Count Four pursuant to Rule 12(b)(6) is denied. The motion to dismiss Count Eight pursuant to Rule 12(b)(6) is granted as against the Metropolitan Transportation Authority ("MTA"), Metro-North Railroad ("Metro-North"), and S. L. Harrington

061505.wpd       version 6/15/05

*copies mailed to counsel of record 6/15/05*

("Harrington") and Andrew J. Paul ("Paul") in their official capacities. The motion to dismiss Count Eight is denied as against Harrington and Paul in their individual capacities.

The Complaint is dismissed in its entirety as against the municipal defendants, namely MTA, Metro-North, and Harrington and Paul in their official capacities, for failure to plead adequately any grounds for municipal liability. Plaintiff is granted leave to replead the allegations regarding liability of the municipal defendants. The motion to dismiss the Complaint as against Defendant Paul pursuant to Rule 12(b)(6), as an improper party, is denied; the Court finds that Plaintiff provided sufficient allegations of Paul's personal involvement regarding the matters in the Complaint to withstand the motion to dismiss.

At the June 10, 2005, conference, the Court reserved decision on the motion, pursuant to Rule 12(b)(6), to dismiss Count Five, which accuses Defendants of slander. The motion to dismiss Count Five is denied. Because a claim that an employee is insubordinate has been held not to be slander per se, Plaintiff must accompany his allegation of slander with an allegation of special damages. Slade v. Metropolitan Life Ins. Co., 255 A.D.2d 130, 130-31 (1st Dept. 1998); Angel v. Levittown Union Free School Dist. No. 5, 171 A.D.2d 70, 772-73 (2d Dept. 1991). "Special damages consist of the loss of something having economic or pecuniary value which must flow directly from the injury to reputation caused by the defamation." Celle v. Filipino Reporter Enters., Inc., 209 F.3d 163, 179 (2d Cir. 2000) (internal quotations omitted). Here, Plaintiff alleges that he "will be deprived of future employment in the railroad industry and possibly other industries" (in addition to lost wages, benefits, and injury to his reputation). (Compl. ¶ 62.) The Court finds that, construing liberally Plaintiff's assertion regarding the loss of future employment in the railroad industry, such a pleading alleges sufficiently the loss of something of economic or pecuniary value at this stage in the litigation to overcome Defendants' motion to dismiss the Complaint. Accordingly, Defendants' motion to dismiss Count Five is denied.

Plaintiff shall file and serve an amended complaint no later than July 7, 2005. The Court will hold a pretrial conference in the above-captioned matter on Tuesday, August 2, 2005, at 10:30 a.m. The parties are directed to file and provide the Court with a courtesy copy, no later than Tuesday, July 26, 2005, of their updated Joint Preliminary Pre-trial Statement addressing the issues set forth in the Court's February 27, 2004, Preliminary Pretrial Order.

SO ORDERED.

Dated: New York, New York
June 15, 2005

LAURA TAYLOR SWAIN
United States District Judge